IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-mj-466 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Charles Dalzell, | ) | |
| | ) | |
| Defendant. | ) | |

A complaint charges Charles Dalzell with transmitting interstate threats and with threatening harm to a federal official. Following a June 18, 2025 hearing, the court ordered Dalzell detained pending conclusion of the case. (Doc. 14). He moves for a 24-hour furlough to allow him to travel to Baudette, Minnesota, to see his mother, who he describes as recently having had surgery and being in poor health. He desires to visit her, so he has a chance to say goodbye in case she passes away soon. (Doc. 10).

The United States opposes Dalzell's motion, contending his request to be released because of his mother's ill health was litigated during the detention hearing and asserts he has raised no evidence not proffered during the detention hearing. Further, the United States asserts Dalzell's release would pose a serious risk to the safety of the public and to those whom Dalzell is alleged to have threatened via email. Finally, the United States asserts the lateness of Dalzell's motion—filed just over 24 hours before he requests a furlough to begin—make it unlikely the United States would have adequate time to contact each of the targets of the alleged threats to warn them of Dalzell's release. (Doc. 13).

Indeed, during the detention hearing Dalzell raised his mother's ill health in requesting he be released, though he did not make the same request for a 24-hour

furlough during the detention hearing. The court acknowledges the United States might have some difficulty in contacting each of the alleged victims of the alleged threats on a summer Friday afternoon, but the court expects federal law enforcement resources are adequate to accomplish that notice.

Because the detention hearing was conducted without benefit of a pretrial services investigation, the evidence available to the court is limited to that contained in the affidavit supporting a criminal complaint, in a criminal history report, and that proffered at the detention hearing. Considering all available evidence, the court finds Dalzell's release for a furlough would pose a serious risk to the safety of the public and to those whom Dalzell is alleged to have threatened via email.

Dalzell's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2025.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge